

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY   7 2009

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| FRANK LEE HOWARD, | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § |
| NATHANIEL QUARTERMAN, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| Respondent. | § |

Civil Action No. 4:08-CV-760-A

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Frankie Lee Howard, TDCJ #1078123, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

Howard is currently serving 10-year sentences for his 2001 convictions for forgery and

burglary of a habitation and a 6-year sentence for his 2005 conviction for theft.  By this petition,

Howard challenges a 2008 disciplinary proceeding conducted at the Mineral Wells Pre-Parole

Transfer Facility and the resultant loss of 30 days' good time.  (Disciplinary Hrg. R. at 2)  Howard

was charged in Disciplinary Case No. 20080147632 with establishing an inappropriate relationship

with a corrections officer, a code 16.0 violation, and possession of contraband, a code 30.2 violation.

(*Id.* at 5)  The offense report alleged that on January 28, 2008,

> and at building 779 third floor laundry room, offender Howard, Frankie # 1078123,
> did establish an inappropriate relationship with C/O Jessica Green which had the
> potential to jeopardized [sic] the security of the facility by watching a pornographic
> video on a Sony PSP electronic device with said officer.  In addition, said offender
> did possess contraband, namely a Sony PSP electronic device which is an item the
> offender is not suppose to have.

The report also alleged the following additional information:

> On 1/28/08 at 0800 hours C/O James Green reported to me that on 1/28/08
> at approx. 4:00 am, he walked into the 3rd floor laundry room where he observed the
> room occupied by C/O Jessica Green and three offenders.  He stated as he entered
> he heard what sounded like music coming from behind one of the offenders.  He
> said, he asked, "what was that," and at that time an offender he identified as Howard,
> Frankie # 1078123 reached behind him and displayed a Sony PSP electronic game
> device.  Officer Green stated the PSP was playing a "porn" video.  He stated, he
> watched the video a few moments asking how it worked.  He said he then noticed
> that Ms. Green also had a PSP in her hand.  He stated she placed the one she had in
> a case and put it in her back pocket.  He stated offender Howard then placed the one
> he had in his front pocket.  He stated at this time Ms. Green asked him not to say
> anything and he exited the room.  Upon interview the offenders stated that Ms. Green
> had both PSP's and they were only watching them.  Upon interview, Ms. Green
> admitted she did bring in a PSP on the date in question but, she stated she only had
> it to listen to music.  She also stated that the offenders also had possession of a PSP.
> She denied any knowledge of how or where the offenders had obtained the PSP they
> possessed.  The other two offenders watching the video were identified as Rodgers,
> Anthony # 1445819 and Kilgore, Earl # 1447743.  Officer James Green stated after
> he left the area he did not know what happened to either device.

After receiving notice of the charges, Howard attended a disciplinary hearing with counsel

substitute on February 20, 2008, during which he pled not guilty to the offenses.  (*Id.* at 1)  Howard

2

gave an oral statement, the charging officer testified, and documentary evidence was admitted, including the offense report, the preliminary investigation report, the written statements of C/O James Green, former C/O Jessica Green, and the three offenders involved, and a photograph of a PSP. (*Id.* at 5-13)  After considering the evidence, the hearing officer found Howard guilty of the violations. (*Id.* at 1)  Howard filed Step 1 and Step 2 grievances contesting the guilty findings, to no avail. (Disciplinary Grievance R. at 1-5)  This federal petition for writ of habeas corpus followed.

## D. ISSUES

Howard claims he was denied procedural due process because he was placed in pre-hearing detention for 72 hours without a hearing, the reasons for his detention were not set forth in the record of the hearing, and there was no contraband Sony PSP electronic device or a photograph or photocopy thereof presented at the hearing, in violation of prison disciplinary rules and procedures (grounds one and four).  He also claims there was no evidence presented to establish he was in possession of a contraband Sony PSP or pornographic material or that he established an improper relationship with former C/O Jessica Green (grounds two and three). (Pet'r Memorandum in Support at 7)

## E. RULE 5 STATEMENT

Quarterman contends that because Howard did not raise his due process claims (grounds one and four) in both his Step 1 and Step 2 grievances, the claims are unexhausted and procedurally defaulted. (Resp't Answer at 6-9)  Quarterman, nevertheless, addresses the merits of Howard's claims, as does this court. (Id. 7-14.)  *See* 28 U.S.C. § 2254(b)(2).

3

## F. DISCUSSION

Howard claims his right to procedural due process was violated because he was placed in pre-hearing detention for 72 hours without a hearing and the reasons for his extended detention were not set forth in the record of the hearing, in violation of prison disciplinary rules and procedures. These claims do not give rise to a federal constitutional claim, if, as in this case, constitutional minima are met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Howard claims his right to procedural due process was violated because he was found guilty of the disciplinary charges without a showing of "some evidence" to support the allegations. Federal habeas review of the sufficiency of the evidence is extremely limited. Due process requires only "some evidence" to support the findings made in a disciplinary hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-57 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill*, 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Id.* at 455-56.

Having reviewed the record of the disciplinary proceedings, there was sufficient evidence to support the hearing officer's guilty findings. In making his determination, the hearing officer considered the offense report detailing the events, the accusing officer's written statement, and the testimony of the charging officer. Because there was some evidence to support the guilty findings, Howard's claims fail. *See Wolff*, 418 U.S. at 564-66; *McDuffie v. Estelle*, 935 F.2d 682, 687-88 (5th

4

Cir. 1991).

## II. RECOMMENDATION

Howard's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 28, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 28, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 7, 2009.


_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE