IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 1 2009
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| FRANKIE LEE HOWARD, § | |
| § | |
| Applicant, § | |
| § | |
| VS. § | NO. 4:08-CV-760-A |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of § | |
| Criminal Justice, § | |
| Correctional Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

O R D E R

Came on for consideration the above-captioned action wherein Frankie Lee Howard ("Howard") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On May 7, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Howard file objections, if any thereto, by May 28, 2009. Howard timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings,

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

conclusions, and recommendation to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Howard challenges a 2008 disciplinary proceeding that resulted in the loss of thirty days of good-time credit. Specifically, Howard argues that (1) the magistrate judge considered evidence that was not considered by the disciplinary hearing officer ("DHO"), (2) the court should consider Howard's procedurally defaulted claims, and (3) the magistrate judge erred in finding that there was "some evidence" to support the DHO's findings. The court addresses each objection below.

First, Howard argues that, because the magistrate judge listed the documentary evidence included in the disciplinary hearing records, he considered evidence that was not considered by the DHO. The court is satisfied that this objection is without merit. See FC&R at 4.

Second, Howard argues that, because respondent and the magistrate judge analyzed the substance of his procedurally defaulted claims after also asserting that such claims were procedurally defaulted, the court should consider the substance of these claims. The court is satisfied that this objection is without merit.

Next, Howard argues that the magistrate judge's finding that there was "some evidence" to support the charges was in error because neither "the state" nor the magistrate judge made an independent credibility determination of the investigating officer's testimony and evidence relied on by the DHO.[2] The court agrees with the magistrate judge that there was "some evidence" to support the DHO's decision, and no independent credibility determination of the investigating officer's testimony was required. See Richards v. Dretke, 394 F.3d 291 (5th Cir. 2004).

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Frankie Lee Howard for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED June 1, 2009.

_____
JOHN McBRYDE
United States District Judge

---

[2] Within this objection, Howard also introduces the argument that the disciplinary hearing violated his right to confront witnesses. Because Howard did not present this argument to the magistrate judge, the court declines to consider it. See Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994).